UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARZONO SHELLY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-465-JD-MGG |
| HEATHER STEVENS, | |
| Defendant. | |

OPINION AND ORDER

Marzono Shelly, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Shelly alleges that on December 15, 2020, the Indiana Court of Appeals ordered the Laporte Circuit Court to resentence him. On May 11, 2022, Shelly filed a motion to correct an erroneous sentence seeking to enforce the appellate order, but Heather Stevens, the clerk for LaPorte Circuit Court, failed to file the motion or to otherwise arrange for his resentencing. Shelly further alleges that, on May 5, 2022, he asked Clerk Stevens for copies of a probable cause affidavit so that he could file a

federal habeas petition, but she refused. He maintains that this refusal prevented him from filing a timely habeas petition. Additionally, Shelly alleges that, on May 27, 2022, he asked for copies of his prior requests so that he could file a formal complaint with the Indiana Public Access Counselor, but Clerk Stevens also refused to comply with this request.

Shelly asserts that Clerk Stevens violated his right of access to the courts by failing to resentence him, by failing to provide him with a copy of the probable cause affidavit, and by failing to provide him with copies of his other requests for copies. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a

constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

According to the electronic dockets for the State courts,[1] in April 2013, a jury convicted Shelly on several counts. On April 22, 2020, the Indiana Court of Appeals ordered the LaPorte Circuit Court to resentence Shelly, though the appellate order was not certified until December 15, 2020. The electronic docket further reflects that, on June 13, 2022, the LaPorte Circuit Court resentenced him to a total of ninety-one years of incarceration. Though the delay was substantial, it is unclear from the complaint how the delay prevented Shelley pursuing a meritorious legal claim, extended the duration of his incarceration, or harmed Shelley in any other manner. Further, the complaint

---

[1] In accordance with Fed. R. Evid. 201, the court takes judicial notice of the post-conviction and appellate proceedings in the LaPorte Circuit Court and the Indiana appellate courts, electronically, available at https://public.courts.in.gov/mycase/.

does not suggest that Clerk Stevens was personally involved in delaying the resentencing. Moreover, it is unclear how she could have caused this delay given that the appellate order was entered on the LaPorte Circuit Court docket just two days after it became final and given that Indiana Court of Appeals expressly directed the "trial court" to amend the sentencing order.

It is also unclear how Clerk Stevens' refusal to provide copies of filings prevented Shelly from filing a federal habeas petition under 28 U.S.C. § 2254 or a formal complaint with the Indiana Public Access Counselor under Ind. Code § 5-14-5-7. Neither the federal habeas statute nor the Indiana Public Records Access Act, Ind. Code §§ 5-14-5-1, *et seq.*, require any exhibits as a prerequisite to initiating a federal habeas case or a formal public records complaint. And Shelly does not allege that Clerk Stevens otherwise interfered with his ability to file a habeas petition or a formal complaint. Additionally, the court observes that the Indiana Public Access Counselor is not a court, *see* Ind. Code § 5-14-4-10 (powers and duties of the public access counselor), and the electronic docket for the State court reflects that there was no probable cause affidavit but that the probable cause determination was made based on oral statements in open court. *See* Ind. Code § 35-33-7-2 (allowing probable cause determinations to be made based on either affidavits or oral testimony). Because the allegations do not suggest that Shelly has suffered an actual injury, he may not proceed on a claim of interference with access to the courts.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

4

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on June 29, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5